NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 21-1950

———————————

EVAN HUZINEC,
                         Appellant

v.

SIX FLAGS GREAT ADVENTURE, LLC; SIX FLAGS ENTERTAINMENT
CORPORATION; SIX FLAGS THEME PARKS, INC.; JOHN DOE (A-Z);
XYZ ENTITY (A-Z)

SIX FLAGS GREAT ADVENTURE, LLC,
                         Third Party Plaintiff

v.

FOR FUN TOURS; CELEBRATION TOURS AND TRAVEL, INC.;
WILKER GOMES; JULIANO MIRANDA; MARIANA VOLGADO,
                         Third Party Defendants

SIX FLAGS ENTERTAINMENT CORPORATION;
SIX FLAGS THEME PARKS, INC.,
                         Third Party Plaintiffs

v.

FOR FUN TOURS; WILKER GOMES; JULIANO MIRANDA;
MARIANA VOLGADO,
                         Third Party Defendants

———————————

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-16-cv-02754)
District Judge: Honorable Freda L. Wolfson

———————————

Argued on March 30, 2022

Before: RESTREPO, ROTH and FUENTES, Circuit Judges

(Opinion filed: February 1, 2023)

Patrick J. Grimes                         **(ARGUED)**
600 South White Horse Pike
Audubon, NJ 08106

Michael F.J. Romano
Romano, Garubo & Argentieri
52 Newton Avenue
Woodbury, NJ 08096

      Counsel for Appellant


Heather M. Eichenbaum                     **(ARGUED)**
Spector, Gadon, Rosen & Vinci
1635 Market Street
17th Floor
Philadelphia, PA 19103

Christopher A. Gulla
Murphy Sanchez
309 Fellowship Road
Suite 200
Mount Laurel, NJ 08054

      Counsel for Appellees

––––––––––––

OPINION[*]

––––––––––––

ROTH, Circuit Judge

––––––––––––

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Evan Huzinec suffered serious injuries while riding El Toro, a roller coaster at Six Flags' New Jersey amusement park. During the ride, a fourteen-year-old fellow patron dropped her cell phone, which hit Huzinec on the head. Huzinec alleged that Six Flags[1] acted negligently in its failure to enforce its loose objects policy by instructing the other patron, while she was queuing for El Toro, to secure her cell phone, in its failure to supervise her compliance before and during the ride, and in its failure to stop the ride once she unsecured her cell phone. Huzinec also alleged Six Flags' loose objects policy itself was unreasonable because of the foreseeable risk that patrons might unsecure their phones during the ride.

The District Court granted summary judgment to Six Flags, finding Huzinec's expert not competent to testify as to the standard of care. However, we agree with Huzinec that New Jersey law does not require expert testimony to prove the standard of care under these circumstances. Thus, we will vacate the District Court's grant of summary judgment and remand this case for a jury trial.

**I.**[2]

---

[1] Appellees explain they are three discrete entities: (1) Six Flags Great Adventure, LLC – the amusement park's owner-operator; (2) Six Flags Entertainment Corporation – a publicly traded holding company that conducts no business; and (3) Six Flags Theme Parks, Inc. – the sole member of Six Flags Great Adventure. Because the District Court did not distinguish between the entities, we refer collectively to the three as "Six Flags." On remand, the District Court should evaluate Six Flags' arguments that Six Flags Entertainment Corporation and Six Flags Theme Parks should be dismissed from this action.

[2] The District Court had subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1). We have jurisdiction under 28 U.S.C. § 1291. We conduct a plenary review of a district court's grant of summary judgment. *Hall v. Millersville Univ.*, 22 F.4th 397, 402 (3d Cir. 2022).

To prove negligence under New Jersey law, a plaintiff must establish that (1) the defendant owed the plaintiff a duty of care, (2) the defendant breached that duty of care, and (3) the defendant's breach proximately caused the plaintiff's injury.[3] Generally, plaintiffs need not establish the applicable standard of care.[4] "It is sufficient for plaintiff to show what the defendant did and what the circumstances were. The applicable standard of conduct is then supplied by the jury which is competent to determine what precautions a reasonably prudent man in the position of the defendant would have taken."[5] This is particularly true when "hazards are relatively commonplace and ordinary and do not require the explanation of experts in order for their danger to be understood by average persons."[6] By contrast, "expert testimony is required when 'a subject is so esoteric that jurors of common judgment and experience cannot form a valid conclusion.'"[7]

The District Court acknowledged this New Jersey negligence framework, but it erred by concluding that Huzinec needed an expert to establish the standard of care. The District Court found that "developing safety policies for theme park patrons is not a common issue within the ken of a jury."[8] In support, the District Court pointed to two unpublished per curiam opinions of the New Jersey Superior Court which required an expert witness to establish the standard of care in setting policies for theme park patrons.

---

[3] *See Coleman v. Martinez*, 254 A.3d 632, 642 (N.J. 2021).
[4] *Davis v. Brickman Landscaping, Ltd.*, 98 A.3d 1173, 1179 (N.J. 2014) (citing *Sanzari v. Rosenfeld*, 167 A.2d 625 (N.J. 1961)).
[5] *Sanzari*, 167 A.2d at 628.
[6] *Hopkins v. Fox & Lazo Realtors*, 625 A.2d 1110, 1121 (N.J. 1993).
[7] *Id.* (quoting *Wyatt by Caldwell v. Wyatt*, 526 A.2d 719, 725 (N.J. Super. Ct. App. Div. 1987)).
[8] Appx. 17.

First, the District Court relied on *Velasquez v. Land of Make Believe.*[9] There, the Superior Court determined the plaintiff needed expert testimony to help jurors understand the "comprehensive regulatory scheme" that the New Jersey Carnival-Amusement Rides Safety Act (CARSA) imposed on a water park's operators, as it bore on the plaintiff's allegations that overcrowding led to her being stepped on an injured by another patron.[10] CARSA regulated the operation and staffing of an aquatic activity area, and, absent an expert, "there would be no proof that defendants' staffing level at the time of the incident, or the manner in which the attraction was operated, violated the regulatory requirements."[11]

Next, the District Court cited *Bomtempo v. Six Flags Great Adventure LLC.*[12] In *Bomtempo*, the Superior Court determined that a plaintiff needed an expert to establish the standard of care where she was injured on a waterpark ride after the raft she was riding on slammed into the base of the ride, causing her a spinal fracture.[13] It reasoned that the record reflected "that operation and maintenance of the attraction at issue require[d] a thorough comprehension of the attraction's standard operating procedures," and those procedures required "ride attendants to learn and understand an extensive body of particularized terminology regarding aquatic safety."[14] The court in *Bomtempo* found the plaintiff's claims were similar to those in *Dare v. Freefall Adventures, Inc.*[15] In *Dare*, the Superior

---

[9] No. A-0273-11T3, 2012 WL 986982 (N.J. Super. Ct. App. Div. Mar. 26, 2012).
[10] *Id.* at *1–2.
[11] *Id.*
[12] No. A-3341-14T1, 2016 WL 4729642 (N.J. Super. Ct. App. Div. Sept. 12, 2016).
[13] *Id.* at *1.
[14] *Id.* at *2.
[15] 793 A.2d 125 (N.J. Super. Ct. App. Div. 2002), *cert. denied* 803 A.2d 638 (N.J. 2002).

5

Court required an expert to establish the standard of care in a skydiving accident because of the "knowledge and conduct peculiar to the activity, including an understanding of wind direction and velocity, proper diver spacing, control of descent, and avoidance of ground hazards."[16] These "complexities and variables involved in applying pertinent skydiving guidelines" required expert testimony.[17]

Applying that analysis here unnecessarily complicates the issue. Unlike *Dare*, Huzinec's injury did not stem from complexities and variables requiring an expert to help a jury understand the standard of care. Nor was his injury the result of El Toro's design or the mechanical operations of the ride, as in *Bomtempo*. Rather, Huzinec's injury occurred when someone dropped a cell phone and it hit him on the head. We believe that the average person can understand the risk Six Flags created by permitting patrons to carry unsecured cell phones on a roller coaster. Thus, we conclude New Jersey law did not require Huzinec to produce an expert to identify the standard of care.

**II.**

The District Court also incorrectly evaluated two pieces of evidence Huzinec adduced to show Six Flags was on notice about the danger of its loose-articles policy: (1) a 2013 incident report documenting a Six Flags patron's injury where the patron suffered "lacerations to the forehead" from a cell phone falling and hitting him; and (2) ten YouTube clips that Six Flags patrons purportedly filmed while riding El Toro. First, the District Court concluded Huzinec's claims that the duty of care was breached failed because "he

---

[16] *Id.* at 132.
[17] *Id.*

does not provide any substantive information about the prior injury, aside from the bare-bones, one-sentence incident report itself, on the basis of which a jury could reasonably infer that the injury occurred under similar facts, conditions, or circumstances."[18] Second, the District Court concluded the YouTube videos did not help Huzinec because they "are not capable of being admissible at trial, at least not as [Huzinec] has presented them."[19]

We first address the District Court's hearsay concern. "Under Federal Rule of Evidence 801(c), 'hearsay' is any statement that a declarant makes outside of court and that is offered to prove the truth of the matter asserted in the statement. Statements offered for non-hearsay purposes are not hearsay."[20] A statement offered to prove notice is not offered to prove "the truth of the matter asserted" and therefore is not hearsay.[21] So both the 2013 incident report and the YouTube videos are not hearsay.

Next, we address the District Court's authentication concern. "To satisfy the requirement under Rule 901(a) of the Federal Rules of Evidence that all evidence be authenticated or identified prior to admission, the proponent of the evidence must offer 'evidence sufficient to support a finding that the item is what the proponent claims it is.'"[22]

---

[18] Appx. 22. Without deciding, the District Court also opined that, without this information, "it is unclear whether the 2013 report is even admissible under Fed. R. Evid. 401." *Id.* n.9.

[19] Appx. 24.

[20] *United States v. Lacerda*, 958 F.3d 196, 223 (3d Cir. 2020) (citing *United States v. Price*, 458 F.3d 202, 211 (3d Cir. 2006)).

[21] *See, e.g.*, *Parham v. Johnson*, 126 F.3d 454, 460 (3d Cir. 1997) ("Parham could have argued that he did not offer the warning label on the bottle for the 'truth of the matter asserted,' but instead to show that Dr. Johnson had notice of the warning label. Consequently, the warning label would not be hearsay.").

[22] *United States v. Browne*, 834 F.3d 403, 408 (3d Cir. 2016).

Federal Rule of Evidence 901(b) sets forth a non-exhaustive list of methods of authentication including the "appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances."[23] We have explained that district courts should "consider a wide range of evidence for the authentication of social media records."[24] The District Court is incorrect in its conclusion that even "if sufficient information about the videos were discernable in the record, [Huzinec] has not offered a witness with *personal knowledge* to lay a foundation."[25]

Huzinec relies on the YouTube videos not for their content but for their very existence. That the videos exist demonstrates that El Toro riders use unsecured recording devices (whether cell phones, GoPros, camcorders, or other electronic recording devices) while on El Toro. Even assuming the YouTube videos were somehow altered, their very existence put Six Flags on constructive notice that El Toro passengers were disregarding the loose articles policy. To that end, Huzinec did not need to identify a witness with personal knowledge of the content of the videos (such as the person who filmed the ride). Rather, he must identify a witness who can lay a foundation that the YouTube videos purport to show a point-of-view action shot of El Toro. Huzinec himself may be such a witness; so, too, would a Six Flags employee who is familiar with El Toro and the surrounding rides.

## III.

---

[23] FED. R. EVID. 901(b)(4).
[24] *Browne*, 834 F.3d at 412.
[25] Appx. 22 (emphasis added).

For these reasons, we will vacate the District Court's grant of summary judgment to Six Flags and remand this case to the District Court for trial.